NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY EMERY KAMDEM OUAFFO T/A KAMDEM GROUP,<br><br>Plaintiff,<br><br>v.<br><br>HON. VINCENT LEBLON, TODD B. BUCK, ESQ., TERRY D. JOHNSON, ESQ., MARK A KRIEGEL, ESQ., ALLISON A. KRILLA, ESQ., ERIK ANDERSON, ESQ., REARDON ANDERSON, LLC, John and Jane Does 1-10, ABC Corporations 1-10,<br><br>Defendants. | Civ. No. 15-7481<br><br>OPINION<br><br>RECEIVED<br><br>DEC 2 1 2015<br><br>AT 8:30_____ M<br>WILLIAM T. WALSH<br>CLERK |

THOMPSON, U.S.D.J.

This matter is before the Court upon the Motions of Defendants Todd B. Buck, Esq., Terry D. Johnson, Esq., and Mark A. Kriegel, Esq., to dismiss the present Complaint. (ECF Nos. 16, 17). Plaintiff Ricky Emery Ouaffo t/a Kamdem Group ("Plaintiff") opposes and moves to file a second amended complaint. (ECF No. 22). The Court has decided these Motions based on the parties' written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendants' Motions to Dismiss will be granted.

### BACKGROUND

Plaintiff is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas. (Pl.'s Am. Compl. at 1, ECF No. 8). On August 27, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey against Hill's Pet Nutrition, Inc.

1

("Hill's Pet Nutrition"); its parent company, Colgate Palmolive Co.; NaturaSource International, LLC ("NaturaSource"); and the sole member of NaturaSource, Laszlo Pokorny. (Def.'s Mot. Dismiss at 6, ECF No. 16-1). In this complaint, Plaintiff alleged misappropriation of trade secrets, violation of the New Jersey Trade Secrets Act, misappropriation of confidential and proprietary information, breach of non-disclosure agreement, breach of contract, breach of fiduciary duty, unjust enrichment, breach of the covenant of good faith and fair dealing, tortious interference of economic advantage and business opportunities, unfair competition, and fraud. (*Id.* at 6-7). At the start of this litigation, Plaintiff was represented by current defendant Allison A. Krilla of Reardon Anderson, LLC.[1] (*Id.* at 6). Hill's Pet Nutrition and Colgate Palmolive Co. were represented by current defendants Todd B. Buck and Terry D. Johnson. (*Id.* at 7). NaturaSource and Lazlo Pokorny were represented by current defendant Mark A. Kriegel.

From 2013 to 2015, the parties filed briefs and motions, and completed discovery. (*Id.* at 7). On May 22, 2015, Plaintiff's counsel moved to withdraw. (*Id.* at 8). The state court granted the motion, and Plaintiff has proceeded *pro se* since then. (*Id.*). On June 26, 2015, Hill's Pet Nutrition moved for summary judgment. (*Id.*). On July 21, 2015, Plaintiff filed a Motion for Removal in state court, which Hill's Pet Nutrition opposed. (*Id.* at 8-9). On August 14, 2015, Plaintiff filed a Notice of Removal in this Court. (Pl.'s Am. Compl. at 14). This Notice was not docketed until August 21, 2015. (ECF No. 1). Plaintiff alleges that he complied with the requirements of 28 U.S.C. § 1446(d) to correctly remove the case to federal court by giving notice to all adverse parties and filing a copy of the Notice of Removal with the state court. (Pl.'s Am. Compl. at 14-15).

---

[1] Reardon Anderson, LLC and founding partner Erik Anderson are also defendants in this action. (ECF No. 8).

2

On August 20, 2015, the Honorable Vincent LeBlon, named as a defendant here, held a hearing on Hill's Pet Nutrition's motion for summary judgment. (Tr. Mot. Hr'g, ECF No. 16-2). Defendants Terry D. Johnson and Todd B. Buck appeared on behalf of Hill's Pet Nutrition. (*Id.* at 3). Defendant Mark A. Kriegel appeared on behalf of NaturaSource and Lazlo Pokorny. (*Id.*). Plaintiff chose not to appear, having previously notified the court and Defendant Buck that he would not appear because he believed that the state court no longer had jurisdiction. (*Id.* at 4-5). Defendant Buck read emails allegedly from Plaintiff out loud before the court, which said in part: "I have removed the case from the state court. I spoke to the United States District Court this morning, and the case is going to be based in the district court in Trenton." (*Id.* at 5). Plaintiff allegedly also emailed: "if I get any papers showing evidence that he's [Judge LeBlon] has done any more work on this case, I will file a complaint against him for violation, again, of 1446, 1338, and 1454." (*Id.* at 6). Judge LeBlon asked the attorneys present if the matter had been properly removed to federal court. (*Id.*). Defendant Johnson replied that the matter could not be removed, and that he had spoken to the state court clerk's office, and they told him that Plaintiff's state court Motion for Removal was processed as "non-conforming." (*Id.* at 6-7). Defendants Johnson and Buck then proceeded to explain why Plaintiff's complaint was not eligible for removal. (*Id.* at 7-8). Defendant Johnson also stated that he had been checking the federal court docket, and nothing had been docketed regarding Plaintiff or the defendants. (*Id.* at 9). Judge LeBlon then decided to go forward with the hearing, and ultimately entered summary judgment against Plaintiff. (*Id.*, at 9, 30-31).

In response to Plaintiff's August 14, 2015 Notice of Removal in this Court, Defendant Johnson and Defendant Kriegel moved to remand Plaintiff's case back to state court in early September 2015. *Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-6290, 2015 WL 5722837

3

(D.N.J. Sept. 29, 2015). This Court held that it lacked subject matter jurisdiction, and remanded the case to state court. *Id.* This Court is not aware of any further developments in the state court. On October 14, 2015, Plaintiff filed a new complaint before this Court. (ECF No. 1). Plaintiff amended his complaint ("Complaint") on November 4, 2015. (ECF No. 8). Plaintiff's Complaint contains many counts, which will be discussed below, but his primary assertion is that the defendants "wanted to hold some unlawful hearings" after he had removed his case to federal court, and that these hearings "resulted in Court Orders to dismiss Plaintiff's complaint for the purpose of satisfying personal interests in the matter." (Pl.'s Am. Compl. at 18). In late November 2015, Defendants Buck, Johnson, and Kriegel moved to dismiss the present Complaint. (ECF Nos. 16, 17). Plaintiff opposed their motions and moved to file a second amended complaint. (ECF No. 22). These Motions are presently before the Court.

## LEGAL STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, and the defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When assessing a Rule 12(b)(6) motion, district courts conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id.* Third, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). Bare allegations of entitlement to relief and

4

demonstrations of a "mere possibility of misconduct" are insufficient; rather, the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id.* at 210-11 (quoting *Iqbal*, 556 U.S. at 678-79).

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend the pleadings is generally given freely. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is undue delay, bad faith, prejudice to the opposing party, or amending the pleading would be futile. *Id.*

## DISCUSSION

In a case brought by a *pro se* plaintiff, the Court must construe the complaint liberally in favor of the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Liberal construction does not, however, require the Court to credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). *Pro se* litigants must allege sufficient facts to support a claim and avoid dismissal. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

Plaintiff's Complaint contains 14 counts. His first count describes how his state court case continued after he had removed it to federal court, and it contains various conclusory statements such as: "As a result of the Defendants' action the Plaintiff lost civil litigation rights, or privileges secured under the laws, statutes and codes of the United States." (Pl.'s Am. Compl. at 22). Specifically, Plaintiff's first count alleges a violation of 28 U.S.C. § 1446(d). (*Id.* at 19). Section 1446(d) governs removal of civil actions to federal court. In order for a litigant to bring suit based on another individual's violation of a federal statute, there must be a private right of action in the statute that authorizes such suits. *See Wisniewski v. Rodale, Inc.*, 510 F.3d 294,

5

296-97 (3d Cir. 2007). There is no private right of action under 28 U.S.C. § 1446. Therefore, Plaintiff's first count must be dismissed.

Plaintiff's second count is: "Rights to Justice and/or Fair, Impartiality and Equitable Justice." (Pl.'s Am. Compl. at 24). This count essentially repeats the same facts and conclusory statements as the first count, which are also repeated in all subsequent counts. The second count does not cite any additional authorities that could provide a basis for suit. Construing this count liberally in deference to Plaintiff's *pro se* status, Plaintiff could be alleging a Fourteenth Amendment due process claim against Judge LeBlon. However, since Plaintiff includes a Fourteenth Amendment claim at the end of his Complaint, that claim will be explored below. Count two otherwise fails to state a claim upon which relief may be granted.

Counts three through five allege violations of the New Jersey Code of Judicial Conduct. (Pl.'s Am. Compl. at 28-39). Violations of ethical rules do not give rise to causes of action. *Stahl v. Twp. of Montclair*, No. 12-3244, 2013 WL 1867036, at *3 (D.N.J. May 2, 2013); *Baxt v. Liloia*, 714 A.2d 271, 275 (N.J. 1998); *In re Mazer*, No. CP-089-01, 2001 WL 36242584 (N.J. Super. Ct. Ch. Div., Sept. 10, 2001). Therefore, these counts fail to state a claim upon which relief may be granted. For the same reason, counts six through ten, which allege violations of the Rules of Professional Conduct, cannot survive a 12(b)(6) challenge. (Pl.'s Am. Compl. at 39-55). Moreover, Plaintiff fails to offer "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Bare allegations such as "defendants offered evidence that the lawyers knew to be falsity [sic]," (Pl.'s Am. Compl. at 40), are insufficient to support a claim for relief.

Count eleven is: "A Litigant's Time Sensitive Rights and Privileges to Renew, Reargue, or Appeal Judgment Orders." (Pl.'s Am. Compl. at 56). In this count, Plaintiff appears to be

6

concerned that he may be time-barred from certain actions in state court. (*See id.* at 57-58). However, Plaintiff does not allege any new facts or cite any additional authorities in this count that this Court is able to construe as a valid cause of action. Therefore count eleven fails to pass the Rule 12(b)(6) bar.

Counts twelve and thirteen allege negligence and gross negligence. (Pl.'s Am. Compl. at 60, 63). In New Jersey, the elements of a negligence claims are: (1) a duty of care owed by the defendant to the plaintiff; (2) breach of that duty; (3) proximate cause; and (4) actual damages. *Polzo v. County of Essex*, 960 A.2d 375, 384 (N.J. 2008). Plaintiff fails to plead that the defendants owed him any duty of care, nor are there any facts that suggest the defendants owed him a duty of care.[2] Therefore, counts twelve and thirteen fail to state a claim upon which relief may be granted.

Plaintiff's fourteenth and final count is "The Fourteenth Amendment Due Process Clause – Procedural and/or Substantive." (Pl.'s Am. Compl. at 66). Plaintiff did include a citation to 42 U.S.C. § 1983 in his twelfth count, but as § 1983 has no relevance to a negligence claim, the Court will discuss § 1983 here. Litigants may only bring suit under § 1983 or the Fourteenth Amendment against state actors or individuals acting "under color of state law," such that the individuals' actions are fairly attributable to the state. *See Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94, 97 (3d Cir. 1984). Plaintiff is suing multiple private attorneys and a judge. "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999). However, attorneys who illegally conspire with judges may be found to be acting

---

[2] Excepting Plaintiff's former lawyer and her firm, neither of which were involved in the events Plaintiff describes in his Complaint.

7

under color of state law. *Dennis v. Sparks*, 449 U.S. 24, 28 (1980). In his opposition papers, Plaintiff states that all the defendants "conspired to act under the color of the State of New Jersey" and therefore are state actors. (ECF No. 22 at 12). In his Complaint, Plaintiff accuses the defendants of "concealing documents" (Pl.'s Am. Compl. at 66) and "holding hearings and meetings so that defendants could create some kind of paperwork whereby defendants would subsequently represent that the Plaintiff felt that he was going to lose and was looking for a second bite at the pie." (*Id.* at 16). He suggests that bribery "may" have occurred. (*Id.* at 59). Such vague allegations of conspiracy or bribery do not satisfy the plausibility standard of Rule 12(b)(6). *Iqbal*, 556 U.S. at 678 (holding that a claim must contain enough facts to be plausible on its face). Therefore the attorney defendants cannot be treated as state actors, and Plaintiff's claim fails as to all defendants except Judge LeBlon.

Judges performing their duties have absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). Courts use a two-part test to determine if judicial immunity is applicable. First, was the action taken in the judge's judicial capacity, and second, was the action taken "in the complete absence of all jurisdiction"? *Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 768 (3d Cir. 2000) (quoting *id.*). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Id.* The actions that Plaintiff's claim are based on, namely Judge LeBlon's holding a hearing and ruling on a summary judgment motion, are clearly functions normally performed by a judge.

On the second prong, the Third Circuit has explained that "the complete absence of all jurisdiction" is a high bar: "we hold that a judge does not act in the clear absence of all jurisdiction when the judge enters an order at least colorably within the jurisdiction of her court even though a court rule or other procedural constraint required another judge to act in the

8

matter." *Id.* at 771. Because Superior Court judges have jurisdiction to rule on summary judgment motions in civil matters, Judge LeBlon's actions were colorably within the jurisdiction of his court. *See Figueroa v. Blackburn,* 208 F.3d 435, 444 (3d Cir. 2000) (quoting an example from *Stump v. Sparkman*, 435 U.S. 349, 357 n.7 (1978), where a probate judge who tries a criminal case is in complete absence of all jurisdiction because probate judges lack jurisdiction over criminal cases, but a criminal court judge who convicts a defendant of a nonexistent crime is not in complete absence of all jurisdiction, and retains judicial immunity). Therefore the sole remaining defendant, Judge LeBlon, has immunity from Plaintiff's due process claim, and the count must be dismissed as to all defendants.

Lastly, the Court must address Plaintiff's motion to amend his Complaint, in which he seeks to add 11 additional counts. (ECF No. 22). Amending Plaintiff's complaint would be futile. His additional 11 counts simply repeat the same underlying facts with new labels for each count, while citing no new authorities aside from two state statues, neither of which establish a cause of action. (ECF No. 23-1 at 200, 209). Therefore, the amended complaint would still fail to state a claim upon which relief could be granted, so leave to amend shall be denied. *Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000).

## CONCLUSION

For the reasons described above, Defendants' Motions to Dismiss will be granted. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.

9