NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICKY EMERY KAMDEM OUAFFO T/A
KAMDEM GROUP,

Plaintiff,

v.

HON. VINCENT LEBLON, TODD B.
BUCK, ESQ., TERRY D. JOHNSON, ESQ.,
MARK A KRIEGEL, ESQ., ALLISON A.
KRILLA, ESQ., ERIK ANDERSON, ESQ.,
REARDON ANDERSON, LLC, John and
Jane Does 1-10, ABC Corporations 1-10,

Defendants.

Civ. No. 15-7481

OPINION

RECEIVED

JAN 1 2 2016

AT 8:30_____M
WILLIAM T. WALSH
CLERK

THOMPSON, U.S.D.J.

INTRODUCTION

This matter has come before the Court on a Motion for Reconsideration filed by Plaintiff Ricky Emery Kamdem Ouaffo t/a Kamdem Group ("Plaintiff"). (ECF No. 30). Defendants Allison A. Krilla, Erik Anderson, and Reardon Anderson, LLC oppose the Motion. (ECF No. 33). Upon consideration of the parties' written submissions and without oral argument pursuant to Local Civil Rule 78.1(b), the Court will deny Plaintiff's Motion.

BACKGROUND

Plaintiff is engaged in the business of creating, manufacturing, and distributing food flavor ingredients and formulas. (Pl.'s Am. Compl. at 1, ECF No. 8). On August 27, 2013, Plaintiff filed a complaint in the Superior Court of New Jersey against Hill's Pet Nutrition, Inc. ("Hill's Pet Nutrition"); its parent company, Colgate Palmolive Co.; NaturaSource International, LLC ("NaturaSource"); and the sole member of NaturaSource, Laszlo Pokorny. (Def.'s Mot.

1

Dismiss at 6, ECF No. 16-1). In this complaint, Plaintiff alleged a variety of tort and contract claims related to the alleged misappropriation of Plaintiff's proprietary information. (*Id.* at 6-7). At the start of this litigation, Plaintiff was represented by current defendant Allison A. Krilla of Reardon Anderson, LLC.[1] (*Id.* at 6). Hill's Pet Nutrition and Colgate Palmolive Co. were represented by current defendants Todd B. Buck and Terry D. Johnson. (*Id.* at 7). NaturaSource and Lazlo Pokorny were represented by current defendant Mark A. Kriegel.

From 2013 to 2015, the parties filed briefs and motions, and completed discovery. (*Id.* at 7). On May 22, 2015, Plaintiff's counsel moved to withdraw. (*Id.* at 8). The state court granted the motion, and Plaintiff has proceeded *pro se* since then. (*Id.*). On June 26, 2015, Hill's Pet Nutrition moved for summary judgment. (*Id.*). On July 21, 2015, Plaintiff filed a Motion for Removal in state court, which Hill's Pet Nutrition opposed. (*Id.* at 8-9). On August 14, 2015, Plaintiff filed a Notice of Removal in this Court. (Pl.'s Am. Compl. at 14). This Notice was not docketed until August 21, 2015. (ECF No. 1). Plaintiff alleges that he complied with the requirements of 28 U.S.C. § 1446(d) to correctly remove the case to federal court by giving notice to all adverse parties and filing a copy of the Notice of Removal with the state court. (Pl.'s Am. Compl. at 14-15).

On August 20, 2015, the Honorable Vincent LeBlon, named as a defendant here, held a hearing on Hill's Pet Nutrition's motion for summary judgment. (Tr. of Mot. Hr'g, ECF No. 16-2). Defendants Terry D. Johnson and Todd B. Buck appeared on behalf of Hill's Pet Nutrition. (*Id.* at 3). Defendant Mark A. Kriegel appeared on behalf of NaturaSource and Lazlo Pokorny. (*Id.*). Plaintiff chose not to appear, having previously notified the court and Defendant Buck that he would not appear because he believed that the state court no longer had jurisdiction. (*Id.* at 4-

---

[1] Reardon Anderson, LLC and founding partner Erik Anderson are also defendants in this action. (ECF No. 8).

5). Judge LeBlon decided to go forward with the hearing, and ultimately entered summary judgment against Plaintiff. (*Id.* at 9, 30-31).

In response to Plaintiff's August 14, 2015 Notice of Removal in this Court, Defendant Johnson and Defendant Kriegel moved to remand Plaintiff's case back to state court in early September 2015. *Kamdem Ouaffo v. Naturasource Int'l, LLC*, No. 15-6290, 2015 WL 5722837 (D.N.J. Sept. 29, 2015). This Court held that it lacked subject matter jurisdiction, and remanded the case to state court. *Id.* This Court is not aware of any further developments in the state court. On October 14, 2015, Plaintiff filed a new complaint before this Court. (ECF No. 1). Plaintiff amended his complaint ("Complaint") on November 4, 2015. (ECF No. 8). Plaintiff's Complaint contains many counts, but his primary assertion is that the defendants "wanted to hold some unlawful hearings" after he had removed his case to federal court, and that these hearings "resulted in Court Orders to dismiss Plaintiff's complaint for the purpose of satisfying personal interests in the matter." (Pl.'s Am. Compl. at 18). In late November 2015, Defendants Buck, Johnson, and Kriegel moved to dismiss the Complaint. (ECF Nos. 16, 17). Plaintiff opposed these motions and moved to file a second amended complaint. (ECF No. 22). This Court granted the motions to dismiss, and denied Plaintiff's motion to file a second amended complaint based on futility. (ECF No. 28). Plaintiff subsequently moved for reconsideration. (ECF No. 30). This Motion is presently before the Court.

## LEGAL STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. A timely motion for reconsideration may only be granted upon a finding of at least one of the following grounds: "(1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Database America, Inc. v. Bellsouth*

3

*Advertising & Pub. Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993). Reconsideration is an "extraordinary remedy" that is rarely granted. *Brackett v. Ashcroft*, No. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citations omitted). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted).

## ANALYSIS

Plaintiff does not make any arguments based upon the established grounds for reconsideration described above. Plaintiff does not suggest that there has been an intervening change in the controlling law, or that new evidence has become available. Rather, Plaintiff explicitly says that he is merely clarifying certain facts, and that he has "relied on the same evidence already on the record". (Pl.'s Mot. for Recons. at 43, ECF No. 30). Plaintiff repeatedly emphasizes Judge LeBlon's decision to seal a number of documents in Plaintiff's state court case, (*see, e.g., id.* at 7-8), however this fact is neither new nor was it overlooked by the Court when deciding to dismiss Plaintiff's Complaint. (*See* Ct.'s Op. at 8, ECF No. 28).

Plaintiff also fails to show that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. Plaintiff's primary argument in this Motion appears to be that a "deeply rooted conspiracy" between Judge LeBlon and the other defendants is "the only reasonable conclusion" based on the defendants' actions. (Pl.'s Mot. for Recons. at 37). Therefore, Plaintiff argues, this Court's decision to dismiss his Complaint was a "flagrant judicial foul." (*Id.* at 41). However, threadbare allegations as to the nature of the alleged conspiracy, and disagreement with the Court's decision do not prove a clear error of law or a manifest injustice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *G-69*, 748 F. Supp. At 275.

4

Plaintiff's lengthy repetitions of his previous arguments are similarly unavailing. *Carteret Sav. Bank, F.A. v. Shushan*, 721 F. Supp. 705, 706 (D.N.J. 1989) (stating that a party cannot carry his burden in a motion for reconsideration by recapitulating his previous arguments).

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be denied. An appropriate Order will follow.

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.

5